UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | NO. 6:13-CR-00294-01 |
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| THOMAS DESSOYE (01) | * | MAGISTRATE JUDGE WHITEHURST |

GOVERNMENT'S RESPONSE IN OPPOSITION TO DESSOYE'S
MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the UNITED STATES OF AMERICA, who files this response to the defendant's ("Dessoye" or "the defendant") pending Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 98). Because the petition alleges claims that are meritless, procedurally barred, or not cognizable in a 28 U.S.C. § 2255 proceeding, the Court should dismiss the petition without an evidentiary hearing. In support, the government respectfully submits the following:

**FACTS AND PROCEDURAL HISTORY**

On August 13, 2014, a grand jury in Lafayette, Louisiana issued a superseding indictment charging Dessoye with one count of possession of child pornography, two counts of receipt of child pornography, one count of distribution of child pornography, and one count of enticement of a minor. On March 11, 2015, Dessoye pled guilty to distribution of child pornography, and his guilty plea was accepted by the District Court on April 16, 2015. Doc. Nos. 74 and 80. In return for his guilty plea, the

government agreed to dismiss the remaining counts of the indictment at sentencing. Doc. No. 77, p. 1.

In connection with his guilty plea, Dessoye and the government submitted a factual stipulation. Doc. No. 77-2. According to the stipulation, in October of 2012, Dessoye, while in the Western District of Louisiana, began communicating with a 16-year-old minor who lived in Minnesota. Doc. No. 77-2, p. 3. On or about October 20, 2012, the defendant sent the minor a link to a Dropbox account that the defendant possessed. *Id.* Dropbox is an internet site where the account holder can store images or videos. In order to have access to the files the account holder must use a password. The account holder can send other persons an Internet link to the Dropbox account so that they can view the material the account holder has stored at the site. *Id.*

The defendant uploaded videos and images of child pornography to his Dropbox account that included videos depicting children engaging in sexual acts with other children as well as videos depicting adults engaging in sexual act with children. With the child pornography in his Dropbox account, the defendant sent the 16-year-old minor a link via email to the Dropbox account and told him how to access the Dropbox account. Doc. No. 77-2, p. 4. Then, the 16-year-old minor, upon receiving the Dropbox link from the defendant, went to the defendant's Dropbox account and observed the child pornography described above using his family's computer. *Id*.

In the Presentence Investigation Report ("PSR"), of note was the defendant's conduct involving communications with a 16-year-old minor and his distribution of child pornography to that same minor. Before law enforcement in Louisiana learned

2

that Dessoye had distributed child pornography to a minor in Minnesota, on April 21, 2013, law enforcement officers in Minnesota received a complaint from the parents of the 16-year-old minor with whom Dessoye had been communicating and sending child pornography. PSR, ¶ 11, p. 4.[1] At that time, law enforcement and the minor's parents were unaware of the communications between Dessoye and the minor. PSR, ¶13, p. 4. Upon further investigation, law enforcement learned that the minor had been taken from his home and transported back to Louisiana by Thomas Dessoye. PSR, ¶ 11, p. 4. Law enforcement in Minnesota were able to locate the minor's cell phone in Lafayette, Louisiana through a "ping." *Id*. The "ping" placed the minor's cell phone at Dessoye's residence. PSR, ¶ 12, p. 4. With this information, on April 23, 2013, the Lafayette Parish Sheriff's Office obtained a search warrant for Dessoye's residence, and they located the minor unharmed. *Id*.

The minor's parent consented to a search of their computers, and informed officers that the computers were being serviced at a computer repair store in Minnesota. PSR, ¶ 13, p. 4-5. Incidentally, and unknown to the officer speaking with the parents of the minor, the computer repair store had contacted another law enforcement agency to advise that they located child pornography on the computers, and the law enforcement agency found the child pornography on the family's computer. PSR, ¶ 13, p. 5. The parents of the minor denied that they ever downloaded or viewed child pornography. *Id*.

---

[1] Citations to PSR refer to the finalized PSR filed with the addendum by the US Probation Officer dated June 2, 2015.

Then, law enforcement seized and searched Dessoye's computer, and found the contents of his iPhone stored on his computer. PSR, ¶ 14, p. 5. During a review of Dessoye's SMS text messages saved on his computer, conversations between Dessoye and the minor were identified. *Id*. Of note was a communication on October 31, 2012 in which Dessoye asked the minor if he viewed child pornography videos on his Dropbox account. *Id*. The retrieved conversations also included Dessoye discussing and encouraging the minor to have a sexual relationship with a 13-year-old boy and Dessoye discussing with the minor sexual activity with other juveniles. *Id*. A review of thumb dives seized at Dessoye's residence yielded a large collection of prepubescent child pornographic images and videos, and that Dessoye was in possession of over 900 images and 382 videos prepubescent child pornography. *Id*.

On May 1, 2013, law enforcement interviewed the minor. PSR, ¶ 15, p. 5. The minor claimed that he met Dessoye in an online chat room about 9 months prior. *Id*. The minor also claimed that he received pictures from Dessoye depicting Dessoye exposing his penis. *Id*. The minor also stated that Dessoye provided the minor with access to a Dropbox account containing several files depicting children engaged in sexual activity. *Id*. The minor stated that on the Dropbox account were files depicting juvenile males engaging in sex acts with other juveniles, as well as with adult males. *Id*. The minor also stated that Dessoye sent a total of about $300.00 during 2 separate transactions and that Dessoye came to pick up the minor to help the minor run away from home. *Id*.

The PSR calculated an advisory guideline range of 235-293 months incarceration. PSR, ¶ 68, p. 12. Because Dessoye pled guilty to Count 4 his statutory maximum term of incarceration was 20 years or 240 months. This yielded an adjusted advisory range of 235-240 months incarceration. *Id.* On July 10, 2015, the District Court sentenced Dessoye to 240 months incarceration. Doc. Nos. 84, 85. Dessoye appealed arguing, among other things, that his sentence was "substantively unreasonable in light of his age, lack of recent or signification criminal history, and the circumstances of the offense." *United States v. Dessoye*, 648 F. App'x 433, 434 (5th Cir. 2016) (unpublished). The Fifth Circuit rejected Dessoye's argument and affirmed the sentence. *Id.*

On May 4, 2017, Dessoye filed a timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 98. In that motion, Dessoye alleges six grounds for relief.

## DESSOYE'S CLAIMS

First, Dessoye claims that the Court lacked jurisdiction. Dessoye's first ground is procedurally barred because it was not raised on appeal. Even if the Court's jurisdiction in this matter were properly challenged, such a claim lacks merit.

Second, Dessoye claims that the statute prohibiting the distribution of child pornography is unconstitutionally vague. This claim has been procedurally defaulted because it was available to Dessoye and not asserted, additionally, it lacks merit.

Third, Dessoye argues that he was deprived of counsel of choice and of adequate representation. This claim is not one upon which relief may be granted and is therefore technically defective.

Fourth, Dessoye claims that defense counsel rendered ineffective assistance. In support, Dessoye claims that defense counsel failed to challenge the search warrant for his computers and the jurisdiction of the District Court. Dessoye alleges that defense counsel "made it clear that he believed suppressing evidence found on [Dessoye's] computers was irrelevant because [the government] had the victim's computer's (sic) to prove their case." Doc. No. 98, p. 4. While Dessoye's allegation of ineffective assistance of counsel constitutes a claim that can be considered in a 28 U.S.C. § 2255 proceeding, Dessoye's claim falls well short of establishing either the unreasonable performance or the prejudice necessary to constitute a violation of the sixth amendment, and it should be denied.

Fifth, Dessoye claims that the validity and scope of a warrant was "questionable" and makes assertions regarding the law enforcement's search for the 16-year-old child; however, he does not state how or why his assertions amount to a violation of the constitution or constitute a claim for relief pursuant to 28 U.S.C. § 2255. Consequently, this claim is defective for failing to state a claim upon which relief can be granted.

Sixth, Dessoye re-urges an argument that was rejected on appeal claiming that his sentence was unreasonable. This claim is procedurally barred from further review because it was fully litigated on appeal.

## LAW AND ARGUEMENT

Pursuant to 28 U.S.C. § 2255 a District Court may vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. This section, however, limits grounds on which relief may be granted, and in addition, "[o]nce [a] defendant's chance to appeal has been waived or exhausted, ... [courts] are entitled to presume he stands fairly and finally convicted[.]" *United States v. Frady*, 456 U.S. 152, 164 (1982). Thus, relief pursuant to § 2255 is reserved only for claims that allege "a lack of jurisdiction or constitutional error" or allege another "error of law" that constitutes "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Defendants alleging claims on collateral review are no longer presumed innocent, rather they stand convicted. For this reason, the presumptions and the burdens change—the conviction is presumed valid, and it is a petitioner's burden to establish a claim entitling them to relief. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68–69 (2009) (citing *Herrera v. Collins*, 506 U.S. 390, 399 (1993)).

To be sure, a pro se litigant's pleadings, like Dessoye's, are entitled to a "liberal construction." *Haines v, Kerner*, 404 U.S. 519 (1972). Even when a count construes pleading with a liberal construction, a pro se litigant must still produce evidence to support his claim, and "mere conclusory allegations on a critical issue are insufficient

7

to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22,23 (5th Cir.1993).

Additionally, claims brought pursuant to Section 2255 also must survive procedural hurdles. For instance, a petitioner who fails to raise an available claim on direct appeal cannot thereafter attack the conviction based on an un-asserted claim on post-conviction review. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir.2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). Similarly, where claims are raised and decided on direct appeal, such claims are barred from collateral review. "It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980)).

Because there are often trial and appellate records, many collateral review petitions may be disposed of without an evidentiary hearing. "An evidentiary hearing is not required on a § 2255 motion if it conclusively appears from the record that the petitioner is not entitled to relief." *Reed v. United States*, 529 F.2d 1239, 1239 (5th Cir.1976).

**I.    BECAUSE DESSOYE FAILED TO CHALLENGE THE COURT'S JURISDICTION ON APPEAL, HIS FIRST GROUND FOR RELIEF IS PROCEDURALLY BARRED. IN ADDITION, BECAUSE DESSOYE USED THE INTERNET TO DISTRIBUTE CHILD PORNOGRAPHY TO AN INDIVIDUAL HE KNEW TO BE A MINOR, THE COURT HAD JURISDICTION OVER DESSOYE'S CRIMINAL ACTS.**

Dessoye claims that the Court lacked jurisdiction over his offenses; however, this claim was not brought on appeal. Because Dessoye failed to bring this claim on direct appeal, it is procedurally barred from consideration in a 28 U.S.C. § 2255 proceeding. Even if this claim were cognizable in a 28 U.S.C. § 2255 proceeding, it lacks merit.

Dessoye—who stipulated that he used the internet, computing equipment, and an internet-based platform in order to distribute child pornography while in Louisiana to an individual he knew to be a minor in Minnesota—claims the Court lacks jurisdiction over his criminal acts. Assuming that Dessoye challenges the jurisdiction of the Court pursuant to the commerce clause, such claims have been consistently rejected. *See, e.g.*, *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir.2000); *United States v. Laursen*, 847 F.3d 1026 (9th Cir.2017) (upholding Congressional authority to prohibit activities related to child pornography pursuant to the commerce clause even when applied to purely intrastate activities). Thus, Dessoye's claim that the Court was without jurisdiction lacks merit and should be denied.

**II.    DESSOYE'S CLAIM THAT THE STATUTE PROHIBITING HIS CRIMINAL OFFENSES IS UNCONSTITUTIONALLY VAGUE IS PROCEDURALLY BARRED, AND IN ANY EVENT, THE STATUTE PROHIBITING THE DISTRIBUTION OF CHILD PORNOGRAPHY, 18 U.S.C. § 2252A, IS NOT UNCONSTITUTIONALLY VAGUE.**

Dessoye claims that the statute penalizing his offenses is unconstitutionally vague; however, this claim was not brought on appeal. Because Dessoye failed to bring this claim on direct appeal, it is procedurally barred from consideration in a 28 U.S.C. § 2255 proceeding. Similar to his jurisdictional claim, even if his vagueness challenge were cognizable in a 28 U.S.C. § 2255 proceeding, it lacks merit.

Dessoye claims, without authority in support, that certain undefined terms within the law penalizing the distribution of child pornography render the statute unconstitutionally vague. In order to sustain his vagueness challenge, Dessoye "must show that he could not have reasonably understood that his conduct was prohibited by the statute." *United States v. Wicker*, 933 F.2d 284, 288 (5th Cir.1991) (citation omitted). His allegations in do not make the required showing to support a vagueness challenge.

Additionally, vagueness challenges to the statutes penalizing the production, receipt and distribution of child pornography, like that alleged by Dessoye, have been uniformly rejected. *See, e.g., Laursen*, 847 F.3d at 1035 (holding that 18 U.S.C. § 2252A was not unconstitutionally vague); *United States v. Watzman*, 486 F.3d 1004 (7th Cir.2007) (same).

### III. DESSOYE'S CLAIM THAT HE WAS DENIED COUNSEL OF CHOICE AND ADEQUATE REPRESENTATION IS BARRED AND LACKS MERIT.

Dessoye claims that he was denied counsel of choice; however, this claim was not brought on appeal. Because Dessoye failed to bring this claim on direct appeal, it is procedurally barred from consideration in a 28 U.S.C. § 2255 proceeding.

Even assuming Dessoye could bring such a claim, it would fail. It appears that Dessoye claims that he was dissatisfied with defense counsel and wanted another attorney; however, during all stages of the litigation, Dessoye was furnished with court-appointed counsel. The Supreme Court held that the Sixth Amendment right to the assistance of counsel includes "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988)). The Court in so holding recognized that the Sixth Amendment right to counsel of choice is "circumscribed in several important respects." *Wheat*, 486 U.S. at 159. A defendant is not entitled to "insist on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." *Id.* The right to counsel of choice has been described as "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–625 (1989).

Dessoye obtained court-appointed counsel because he was indigent. Because Dessoye obtained court-appointed counsel, and did not seek to retain counsel of

choice, the right to counsel of choice does not apply. Dessoye's claim that he was denied counsel of choice, therefore, lacks merit.

IV. **BECAUSE DESSOYE'S CANNOT ESTABLISH CONSTITUTIONALLY DEFICIENT PERFORMANCE OR PREJUDICE, HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM SHOULD BE DENIED.**

Claims of ineffective assistance of counsel are governed by the familiar standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court held that criminal defendants are entitled to the effective assistance of counsel pursuant to the Sixth Amendment. The *Strickland* Court also held that to sustain a claim of constitutionally ineffective assistance of counsel, a defendant must prove two things: (1) that defense counsel's performance "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defendant. *Id.* at 688.

In assessing counsel's performance in a particular matter, the Supreme Court also stated that reviewing courts must judge "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *id.* at 690, and "[j]udicial scrutiny of counsel's performance must be highly deferential[.]" *Id.* at 689.

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel "'fell below an objective standard of reasonableness'" and "'that there is a reasonable probability that, but for unprofessional counsel's errors,'" "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57, 59

(1985) (quoting *Strickland*, 466 U.S. at 687–88, 694). "[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Dessoye makes no such claim, instead he claims that counsel was ineffective by failing to move to suppress evidence collected as a result of a search warrant.

Defense counsel's failure to file a suppression motion is not *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477U.S. 365, 384 (1986). Defense counsel "is not required automatically to file a suppression motion in every case involving evidence or statements obtained after a search; rather, counsel must use 'professional discretion in deciding whether there are sufficient grounds' for such a motion." *United States v. Chavez–Valencia*, 116 F.3d 127, 134 (5th Cir.1997) (quoting *United States v. Aulet*, 618 F.2d 182, 187–88 (2nd Cir.1980)). A determination of ineffectiveness "depends on whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir.1987). In addition, even if an unfiled suppression motion would have been granted, a defendant still bears the burden of proving the two-prongs of the Strickland test, *i.e.* that counsel's inaction amounts to deficient representation and actually prejudiced the defense. *Strickland*, 466 U.S. at 687. *See also*, *Evans v. Davis*, 875 F.3d 210, 218 (5th Cir.2017) ("But even if the suppression motion would be non-frivolous, failing to object, when viewed in light of all the circumstances, may still constitute a reasonable trial strategy."); *Martin v. Maxey*, 98 F.3d 844, 848 (5th Cir.1996) ("[C]ounsel's failure to move to suppress evidence, when

13

the evidence would have been suppressed if objected to, can constitute deficient performance (cause), unless counsel's failure was due to a tactical decision.").

Regarding the prejudice prong of the *Strickland* test, actual prejudice in the context of an unfiled suppression motion requires a meritorious Fourth Amendment violation and "a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Taken together, in order to establish ineffective assistance of counsel due to a failure to file a motion to suppress, a movant's allegations must clear three hurdles: 1.) the motion to suppress must have merit, 2.) Defense counsel's failure to file the motion must be constitutionally unreasonable and not a tactical decision, and 3.) the failure to file the motion must have resulted in prejudice to the defendant. Dessoye's allegations fail to clear any of these three hurdles.

First, Dessoye does not establish a valid basis upon which a motion to suppress may be granted. Indeed, based on his allegations it appears that the search he argues should have been suppressed was based upon a warrant. Dessoye has not alleged any discernable deficency in the warrant or whether the "good faith" exception would apply.

Even assuming that a motion to suppress would have been meritorious, Dessoye's allegations clearly show that counsel made a strategic decision not to file a motion. Defense counsel "made it clear that he believed suppressing evidence found on [Dessoye's] computers was irrelevant because [the government] had the victim's computer's (sic) to prove their case." Doc. No. 98, p. 4. Indeed the evidence in the

record in the stipulated factual basis and the PSR shows that evidence of Dessoye's distribution of child pornography was found in two places—on Dessoye's computer and on the minor's family computer in Minnesota. The child pornography Dessoye distributed to the minor was initially found by a computer repair store and turned over to law enforcement in Minnesota prior to Dessoye picking up the minor in Minnesota. In this context, it would not be unreasonable for defense counsel to refuse to file a motion to suppress a search of Dessoye's computers pursuant to a warrant because the evidence on the Minnestoa computer still proves the case.

Similarly, even if the evidence found on Dessoye's computer were suppressed, the child pornography downloaded from Dropbox onto the family computer in Minnesota was still available for use in the case. For that reason, Dessoye cannot establish prejudice. Moreover, in the context of a guilty plea, Dessoye has to establish that but for the deficient performance of he would not have pled guilty and instead proceeded to trial. Dessoye has not so alleged. Moreover, Dessoye cannot make a credible allegation that he would have chosen to go to trial.

Indeed, the plea secured by defense counsel capped Dessoye's potential incarceration at twenty (20) years. Because of the negotiated plea, Dessoye no longer faced a charge carrying a statutory incarceration range of ten (10) years to life (enticement of a minor in violation of 18 U.S.C. § 2422) or multiple other charges carrying statutory incarceration ranges of five (5) to twenty (20) years (receipt of child pornography in violation of 18 U.S.C. § 2522A(a)(2)(A)). Due to the plea, Dessoye's guildlines were capped at 235-240 months, instead of the 235-293 months because

15

Dessoye received a conviction for a single-count of distribution. These benefits, in light of the evidence facing Dessoye found on his own computer and a computer in Minnesota, make any allegation that Dessoye would have proceeded to trial implausible.

To the extent that Dessoye claims that defense counsel was ineffective for failing to challenge the jurisdiction of the Court, for the reasons stated above such a claim lacks merit. "An attorney's failure to raise a meritless argument […] cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler,* 167 F.3d 889, 893 (5th Cir.1999).

### V. DESSOYE'S CLAIMS REGARDING THE SEARCH WARRANT ARE INDECIPHERABLE AND DO NOT PROVIDE A BASIS ON WHICH RELIEF MAY BE GRANTED PURSUANT TO 28 U.S.C. § 2255.

Dessoye claims that the "validity and scope of the warrant is questionable" but does not state how, why, or cite specific language or facts that could render a warrant deficient. Dessoye's pleadings with respect to his fifth claim for relief, even applying a liberal construction constitute "mere conclusory allegations" that are "insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23. Therefore, this claim should be denied.

### VI. BECAUSE THE FIFTH CIRCUIT HAS ALREADY HELD THAT DESSOYE'S SENTENCE WAS REASONABLE, DESSOYE'S FINAL CLAIM IS PROCEDURALLY BARRED.

Like he did on appeal, Dessoye argues that his sentence was unreasonable due to his age. On appeal, the Fifth Circuit rejected this claim affirming his sentence.

16

*United States v. Dessoye*, 648 F. App'x 433, 434 (5th Cir. 2016) (unpublished). Because this claim was appealed, considered, and rejected, it cannot be considered pursuant to 28 U.S.C. § 2255. *See Kalish*, 780 F.2d at 508.

## CONCLUSION

Because Dessoye's claims are either procedurally barred or lack merit, his § 2255 petition can be denied without an evidentiary hearing.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

 *s/ Robert C. Abendroth*
ROBERT C. ABENDROTH
La. Bar No. 32311
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
Telephone: 337-262-6618

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | * | NO. 6:13-CR-00294-01 |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE FOOTE |
| | * | |
| THOMAS DESSOYE (01) | * | MAGISTRATE JUDGE WHITEHURST |

## C E R T I F I C A T E

    I hereby certify that on July 13, 2018, a copy of the foregoing response in opposition was filed electronically with the Clerk of Court using the CM/ECF system. The government will send a copy of this pleading to Mr. Dessoye's last identifiable address within the Bureau of Prisons via mail.

                                              *s/ Robert C. Abendroth*
                                              ROBERT C. ABENDROTH
                                              La. Bar No. 32311
                                              Assistant United States Attorney